UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA ~~RECEIVED~~
SOUTHERN DIVISION

2022 APR 21  A 11: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MARIE FOURNIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:22-cv-192 |
| | ) | |
| AUTOZONERS, LLC; AND | ) | |
| AUTOZONE STORES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Marie Fournier, former employee of Autozoners, LLC and AutoZone Stores, Inc. (hereinafter collectively "Defendant" or "AutoZone"), allege the following Complaint pursuant to 29 U.S.C. §201 et seq., the Fair Labor Standards Act (FLSA).

## JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as it arises under the laws of the United States.

2.     AutoZone is subject to personal jurisdiction in this district as it regularly does business in the State of Alabama through its retail outlets including the ones at which Plaintiff was employed.  At all times relevant to this case, AutoZone was and has been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

1

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(c) as AutoZone is a corporation whose contacts with the State of Alabama as alleged above are sufficient to establish personal jurisdiction over it in Alabama.

## PARTIES

4.     Autozoners, LLC is a corporation conducting business in the Middle District of Alabama. Autzoners, LLC operates Autozone stores nationwide, including in the Middle District of Alabama.

5.     AutoZone Stores, Inc. is a corporation conducting business in the United States District Court for the Middle District of Alabama.

6.     Autozoners, LLC and Autozone Stores, Inc. are hereafter referred to collectively as "Defendant" or "AutoZone."

7.     Plaintiff Marie Fournier currently resides in Caseville, Michigan.  At all times material, Fournier was employed by AutoZone in Dothan, Alabama locations.

8.     At  all  times  material  to  this  action, AutoZone is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9.     At all times relevant to this action, AutoZone was an employer of the Plaintiff as defined by §203(d) of the FLSA.

10.     At all times material to this action, the Plaintiff was an employee of AutoZone as defined by §203(e)(1) of the FLSA, and worked for AutoZone within the territory of the United States within the statutory time limits of this case.

## THE STATUTE OF LIMITATIONS

11.     On August 21, 2017, Fournier filed Consent to Joint Lawsuit Forms against AutoZone and opted into the case of Hope Carr, et al. v. AutoZone, Inc., Case No. 5:15-cv-00356-AKK in Alabama.   On December 3, 2021, the opt-in plaintiffs, including Fournier, were dismissed without prejudice following decertification of the matter. In that Order, the Court tolled the statute of limitations for an additional 90 days. Thus, for the period of time Fournier was a litigant in Carr, et al. and for 90 days after their dismissal without prejudice, the statute was tolled.

## CLAIMS: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

12.     This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. to recover unpaid compensation owed to Plaintiffs pursuant to the FLSA.

13.     AutoZone has had a uniform policy and practice of consistently requiring its alleged "managerial" employees to work over 40 hours per week for a salaried amount without overtime compensation.

14.     Fournier was employed as a Store Manager in Dothan, Alabama between August 2014 and February 2016.

15.     Plaintiff was employed with AutoZone in the position denominated as "Store Manager."

16.     Plaintiff spent the majority of her time performing non-managerial functions including, but not limited to, arranging merchandising in the store, including "planograms" for display, working at the counter in an "inside" sales capacity, stocking, cleaning up, greeting and servicing customers, installing parts on cars such as batteries, windshield wipers, alternators, and starters, entering orders into the computer, operating the cash register, arranging products, counting inventory parts, and other typical non-exempt tasks.  Plaintiff's managerial duties were minimal, at best, compared to the non-managerial duties regularly performed.

17.     Plaintiff was paid a specified weekly salary.   Plaintiff was not paid any overtime compensation despite the fact that she worked well over the required 40 hours a week to entitle her to overtime pay at time and one-half for all hours worked over 40 each week.

18.     The vast majority of Plaintiff's time was spent on non-exempt tasks similar to jobs performed by other non-exempt Managers.  The few exempt tasks that Plaintiff worked on were tasks spelled out in detail in the AutoZone manual, which provided a step-by-step duty on each and everything that the Plaintiff did or had to do to comply with corporate policy.

19.    As Store Manager, Plaintiff spent minimal time performing jobs relating to management of the store.

20.    Plaintiff was closely monitored and supervised by a District Manager. The District Manager called the store constantly to discuss in detail sales and operations, giving specific instructions regarding what needed to be accomplished in the store that day, and making decisions for the store.

21.    The duties and responsibilities of a Store Manager are substantially similar to those of the hourly managerial employees.   Plaintiff's managerial duties are minimal, at best, compared to the non-managerial duties regularly performed.

22.    AutoZone has a uniform corporate policy and practice requiring Store Managers to work well over forty (40) hours in a workweek for a salaried amount without the option of overtime compensation.

23.    The services performed by Plaintiff were a necessary and integral part of and directly essential to AutoZone's business strategy.

24.    AutoZone has intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA.

25.    AutoZone has been aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation. Despite this knowledge, AutoZone has failed to pay Plaintiff the mandatory lawful overtime compensation to conform their duties to the requirements of the FLSA.

26.     AutoZone has not made a good faith effort to comply with the FLSA.

WHEREFORE, the Plaintiff pursuant to §216(b) of the FLSA, pray for the following relief:

A.     Plaintiff be awarded damages in the amount of their respective unpaid compensation and benefits plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b) and/or pre-judgment interest.

B.     Plaintiff's reasonable attorney's fees, including the costs and expenses of this action.

C.     Such other legal and equitable relief, including, but not limited to, any injunctive or declaratory relief to which they may be entitled and Plaintiff further demands a trial by struck jury on all issues related to this case.

Respectfully submitted,

Rocco Calamusa, Jr. (ASB-5324-A61R)
Kevin W. Jent (ASB-0804-E61K)
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 (Telephone)
(205) 254-1500 (Facsimile)
rcalamusa@wigginschilds.com
kjent@wigginschilds.com

COUNSEL FOR PLAINTIFFS

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.

_____
OF COUNSEL

Plaintiffs request this Honorable Court to serve via certified mail upon the defendants the following: Summons, Complaint.

DEFENDANTS' ADDRESSES:

Autozoners, LLC
c/o CT Corporation System
2 North Jackson Street, Ste.605
Montgomery, AL 36104

Autozone Stores, Inc.
c/o CT Corporation System
2 North Jackson Street, Ste.605
Montgomery, AL 36104

_____
OF COUNSEL

7